**Sander KAPLLAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–3045–ag.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

Robert J. Pures II, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney; Melissa S. Mundell, Assistant United States Attorney, Savannah, GA, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Sander Kapllaj, a native and citizen of Albania, seeks review of a May 31, 2006 order of the BIA affirming the December 8, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sander Kapllaj*, No. A 79 302 910 (B.I.A. May 31, 2006), *aff'g* No. A 79 302 910 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Kapllaj failed to exhaust the IJ's pretermission of his asylum claim before the BIA, and the Government properly argues that he failed to exhaust this issue. We therefore may not review the agency's denial of asylum. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 114–16 (2d Cir.2006); *Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004).

Similarly, we May not review Kapllaj's arguments regarding the IJ's denial of his request for CAT relief because this argument was not exhausted at the administrative level. However, we may review Kapllaj's withholding of removal claim because section 1158(a)(3) applies only to

asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, *see Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006), and Kapllaj adequately argued bases for reversing the IJ's denial of this claim before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

■ Substantial and material inconsistencies in the record supported the IJ's adverse credibility determination with respect to Kapllaj's withholding of removal claim. The IJ accurately observed that, although Kapllaj stated in his written application that he was detained by the Albanian police for one week in 1990, and that he was physically mistreated by the police on two occasions in 2000, he failed to mention the one-week detention in his testimony, and denied that any incidents had occurred in 2000. Additionally, the IJ appropriately noted that while Kapllaj testified that the police beat him and his parents in 1989 due to their anti-Communist views, he omitted this incident from his written application. Moreover, the IJ correctly found that Kapllaj's testimony that National Intelligence Service ("SHIK") officers beat him in January 1998, was inconsistent with his written statement in which he indicated that the SHIK officers came to his home in September 1998. While "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), these omissions were neither minor nor isolated. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). The discrepancies in the record involved the crux of Kapllaj's claim that he was persecuted by the Albanian authorities due to his political opinion, and were substantial when measured against the entire record. The IJ therefore properly relied on them to substantiate his adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, the IJ was not required to credit Kapllaj's explanations that he "forgot" to mention certain incidents because he "had a lot of problems" in Albania. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Further, the IJ appropriately observed that although Kapllaj's prior attorney explained that Kapllaj's affidavit contained many errors, Kapllaj thereafter did not submit anything new to support his application. Given that it was undisputed that the affidavit prepared by Kapllaj's prior attorney contained errors, and Kapllaj failed to submit any corrections or amendments to the original asylum application, the IJ was entitled to find that such absence undermined his credibility.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).